1   JAMES V. FITZGERALD, III (State Bar No. 55632)
    NOAH G. BLECHMAN (State Bar No. 197167)
2   J. GARRET DEAL (State Bar No. 249934)
    McNamara, Dodge, Ney, Beatty, Slattery,
3   Pfalzer, Borges & Brothers LLP
    1211 Newell Avenue
4   Post Office Box 5288
    Walnut Creek, CA 94596
5   Telephone: (925) 939-5330
    Facsimile:  (925) 939-0203

E-filing

6

7   Attorneys for Defendants
    CITY OF MARTINEZ; CITY OF MARTINEZ POLICE
8   DEPARTMENT; CHIEF DAVE CUTAIA, Martinez Chief of
    Police, and SERGEANT GARY PETERSON

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  JAMES TALADA III,                    Case No.

13              Plaintiff,               **NOTICE OF REMOVAL OF STATE
                                         COURT ACTION TO FEDERAL
14      vs.                              DISTRICT COURT**

15  CITY OF MARTINEZ; MARTINEZ
    POLICE DEPARTMENT; CHIEF DAVE
16  CUTAIA; Martinez Chief of Police;
    SERGEANT GARY PETERSEN OR DOE
17  1, a Martinez Police Officer; and DOES 2
    through 50, inclusive,
18
                Defendants.
19

20          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21          PLEASE TAKE NOTICE that Defendants CITY OF MARTINEZ, CITY OF

22  MARTINEZ POLICE DEPARTMENT, CHIEF DAVE CUTAIA, Martinez Chief of Police, and

23  SERGEANT GARY PETERSEN hereby remove to this Court the state court action described

24  below.

25          On March 11, 2008, an action was commenced in the Superior Court of the State of

26  California in and for the County of Contra Costa, entitled *James Talada III,* Plaintiff *v. City of*

27  *Martinez, et al.,* Defendants, as case number C08-00574.  A true and correct copy of the

28  Complaint is attached hereto as Exhibit "A".

NOTICE OF REMOVAL OF ACTION TO
FEDERAL DISTRICT COURT

1    The first date upon which Defendants received a copy of said Complaint was May 12,

2  2008, when Defendants were served with a copy of the Complaint and a summons from the state

3  court. A true and correct copy of the summons is attached hereto as Exhibit "B".

4                                  **Jurisdiction**

5    This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331,

6  and is one which may be removed to this Court by Defendants pursuant to the provisions of 28

7  U.S.C. § 1441(b), in that several of Plaintiff's causes of action, and specifically the Seventh

8  Cause of action for "VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §§ 1983, 1985, 1986, 1988",

9  purport to arise under 42 U.S.C. § 1983, et seq., and the Fourth, Fifth, Eighth and Fourteenth

10  Amendments to the United States Constitution.

11    Defendants are unaware of any other Defendants who have been served with Summons

12  and the Complaint and thus no joinders to this removal are necessary.

13

14  Dated: June __, 2008              McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
                                      PFALZER, BORGES & BROTHERS LLP
15

16

17                                    By: _____
                                      James V. Fitzgerald, III
18                                    Noah G. Blechman
                                      J. Garret Deal
19                                    Attorneys for Defendants
                                      CITY OF MARTINEZ; CITY OF MARTINEZ
20                                    POLICE DEPARTMENT; CHIEF DAVE CUTAIA
                                      and SERGEANT GARY PETERSON

21

22

23

24

25

26

27

28

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

# EXHIBIT A

FILED

2008 MAR 11  A 11: 20

_____ OF THE SUPERIOR COURT
_____ COSTA, CALIF.
_____ , Deputy Clerk

1   James Talada III
   *In Pro Per*
2   142 Camino del Sol
   Martinez, CA 94553
3   Telephone: (925)229-2771

4   *In Pro Per*

5

6

7

8         IN THE SUPERIOR COURT OF CALIFORNIA

9      COUNTY OF CONTRA COSTA - UNLIMITED JURISDICTION

10

11   JAMES TALADA III,           Case No. **C08    00574**

12          Plaintiff,       **PLAINTIFF JAMES TALADA III'S**
                        **COMPLAINT FOR DAMAGES**

13     vs.                     **JURY TRIAL DEMANDED**

14   CITY OF MARTINEZ; MARTINEZ
   POLICE DEPARTMENT; CHIEF DAVE
15   CUTAIA, Martinez Chief of Police;
   SERGEANT GARY PETERSEN OR DOE
16   1, a Martinez Police Officer; and DOES 2
   through 50, inclusive,
17

18         Defendants.

19                            PER LOCAL RULE 5 THIS
                             CASE IS ASSIGNED TO
20                            DEPT _____

21   ///

22   ///                             SUMMONS ISSUED

23   ///

24   ///

25   ///

26   ///

27

28   PLAINTIFF JAMES TALADA III'S
   COMPLAINT FOR DAMAGES

1     COMES NOW PLAINTIFF JAMES TALADA III who alleges that the following facts
2   establish the joint and several liability of Defendants CITY OF MARTINEZ, MARTINEZ POLICE
3   DEPARTMENT; CHIEF DAVE CUTAIA, SERGEANT GARY PETERSEN OR DOE 1, and DOES
4   2 through 50, inclusive.

5                       PARTIES AND JURISDICTION
6         1.      Plaintiff James Talada III (hereinafter "Plaintiff") is an adult male and resident of the
7   City of Martinez and County of Contra Costa, California.

8         2.      Defendant City of Martinez (hereinafter "Defendant Martinez") and Defendant
9   Martinez Police Department (hereinafter "Defendant MPD") and DOES 2 through 10, were public
10  entities, duly organized and existing under and by virtue of the laws of the State of California.

11        3.      Plaintiff is informed and believe and thereupon allege, that at all times relevant herein
12  Defendant DAVE CUTAIA (hereinafter "Defendant Cutaia") and DOES 11 through 50, and each of
13  them, were residents of the State of California, and were Chief of Police, police officers, and
14  employees, agents, servants, policy makers and representatives of Defendants Martinez and MPD.
15  Defendant Cutaia, an individual, was at all relevant times Chief of Police of the City of Martinez, and
16  had supervisory authority and control over DOES 11 through 50.  Each Defendant is sued in his
17  individual as well as official capacity.

18        4.      Plaintiff is informed and believes, and thereupon alleges that at all times relevant
19  herein, Defendant Cutaia and defendants DOES 30 through 50 were supervisors and policy makers
20  for Defendants Martinez and/or MPD.

21        5.      Plaintiff is informed and believes and thereon alleges that Defendant SERGEANT
22  GARY PETERSEN OR DOE 1 (hereinafter "Defendant Peterson or DOE 1") was at all times
23  mentioned herein a police officer for defendant MPD, hired to help defendant MPD preserve peace
24  and order and obligated to protect and respect the civil rights of persons he encounters in the course
25  of his professional duties.  For the events described herein, Defendant Peterson or DOE 1 was acting
26  both as an agent of defendant MPD, within the course and scope of his duties, and in his individual

27

28  **PLAINTIFF JAMES TALADA III'S**
    **COMPLAINT FOR DAMAGES**                          2

1 capacity.

2     6.    Plaintiff is unaware of the true identity or liability of the defendants sued herein as
3 DOES 2 through 50, and, therefore, sues such defendants by fictitious names. Plaintiff will seek leave
4 of court to amend this complaint to add their true names and capacities when same are ascertained.
5 Plaintiff is further informed and believes and thereupon alleges that DOES 2 through 50, and each of
6 them, is in some manner liable to Plaintiff for the damages alleged herein.

7     7.    Plaintiff is informed and believes and thereupon alleges that in acting or failing to act
8 as alleged herein, each defendant conspired with, and was the agent, employee, or representative of
9 every other defendant, and was acting within the course and scope of such relationship or agency.

10     8.    In doing the acts alleged herein, Defendants, and each of them, acted within the
11 course and scope of their employment for Defendant Martinez and Defendant MPD.

12     9.    In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted
13 under color of authority and/or under color of law.

14     10.    Venue is proper in this judicial district because the conduct complained of herein
15 occurred primarily in the City of Martinez, County of Contra Costa, and/or at the direction of
16 Defendants Martinez and MPD and its employees, representatives and/or agents.

17                            **STATEMENT OF FACTS**

18     11.    On or about February 5, 2007, at approximately 4:45 p.m., Plaintiff was arrested in
19 the City of Reno, State of Nevada by Defendant Peterson or DOE 1 and/or employees of Defendant
20 MPD. Plaintiff was taken into custody and jailed at the Washoe County detention facility.

21     12.    On or about February 5, 2007, the Reno Police Department was contacted by defendant
22 MPD and was asked to respond to an arrest warrant that was drafted by, and provided to them by,
23 defendant MPD, an entity of defendant Martinez.

24     13.    Plaintiff was forced to spend four days in solitary confinement, five days in custody, had
25 a DNA sample taken, was never told the reason for his arrest, and was not allowed to contact an
26 attorney, despite his express request.

27

28 PLAINTIFF JAMES TALADA III'S                    3
    COMPLAINT FOR DAMAGES

1    14.    Plaintiff is informed and believes, and thereupon alleges that the events in the Reno jail

2    were all done at the direction of Defendants, and each of them.

3    15.    Plaintiff is informed and believes, and thereupon alleges, that his imprisonment was

4    based on an invalid and incorrectly obtained warrant from defendant MPD.

5    16.    Plaintiff is informed and believes, and thereupon alleges, that Defendants, and each of

6    them, acted with deliberate indifference in investigating the accusations against Plaintiff.

7    17.    Plaintiff is informed and believes, and thereupon alleges, that Defendants , and each of

8    them, included unverified and false information in its warrant on which the Reno Police relied in order

9    to incarcerate him. The vague and invalid warrant was for a crime Plaintiff did not commit.

10    18.    Eventually, Plaintiff was released from police custody and was never charged with any

11    of the crimes as a result of this incident.

12    19.    Plaintiff is informed and believes and thereupon alleges that this incident is consistent

13    with pre-existing customs, policies, and/or practices of Defendants Martinez and MPD, which have

14    included, but are not limited to, customs, policies, and/or practices of failing to provide any or

15    adequate training, supervision and/or control of officers to prevent their use of excessive force,

16    unreasonable searches and/or other misconduct; customs, policies and/or practices involving lack of

17    appropriate tracking of officers who are involved in incidents such as this to ensure that they receive

18    appropriate discipline, training and/or remedial action to prevent recurring similar conduct; customs,

19    policies and/or practices which encourage, authorized and/or condone the use of excessive and

20    unreasonable force and unreasonable searches and seizures; customs, policies and/or practices of

21    encouraging, authorizing and/or condoning a Code of Silence among Martinez police officers, false

22    reporting and/or other misconduct geared toward insulating members of the defendant MPD from civil

23    and/or criminal liability for their on-duty misconduct that results in injuries or damages to citizens,

24    such as Plaintiff.

25    20.    As a direct and proximate result of defendants' acts, Plaintiff suffered injuries to his

26    nervous system and person, all of which have caused, and continue to cause Plaintiff great mental,

27

28    PLAINTIFF JAMES TALADA III'S
COMPLAINT FOR DAMAGES                              4

1  physical, and nervous pain and suffering. Plaintiff is informed and believes and thereon alleges that

2  these injuries may result in some permanent damage to him. As a result of those injuries Plaintiff has

3  suffered general damages.

4      21.    Plaintiff filed a Claim Against The City of Martinez in proper form and within the

5  applicable statutory period. The City of Martinez rejected Plaintiffs's claim and he now brings the

6  within action.

**FIRST CAUSE OF ACTION**
**FALSE ARREST/IMPRISONMENT**
**(Against All Defendants)**

9      22.    Plaintiff hereby realleges and incorporates each and every allegation set forth in

10  paragraphs 1 through 21 as though fully set forth herein.

11      23.    Plaintiff is informed and believes and thereupon alleges that Defendant Petersen or

12  DOE 1 and/or DOES 11 through 50, individually and/or acting in concert with one another,

13  caused Plaintiff to be arrested or imprisoned without reasonable or probable cause to believe that

14  they committed any crimes as alleged in this Complaint.

15      24.    The acts and/or omissions of said Defendants and/or each of them, individually

16  and/or while acting in concert with one another, as alleged herein, were done within the course

17  and scope of their employment for Defendants Martinez, MPD, Cutaia, and/or DOES 2 through

18  10, and thus said Defendants are therefore liable for said false arrest and/or false imprisonment as

19  *respondeat superior.*

20      25.    As a result of the false arrest and/or false imprisonment by said defendants, and/or

21  each of them, Plaintiff and/or each of them, suffered the damages and injuries as alleged

22  heretofore in this Complaint.

23      26.    Plaintiff is informed and believe and thereon allege that the conduct of Defendants

24  Petersen and/or DOE 1 and DOES 11 through 50, and each of them, as alleged herein, was

25  intentional, malicious, and/or oppressive. As a result, Plaintiff is entitled to an award of punitive

26  and exemplary damages against said Defendants and/or each of them, in amounts to be determined

27

28  PLAINTIFF JAMES TALADA III'S
    COMPLAINT FOR DAMAGES

5

1   according to proof.

2       WHEREFORE, Plaintiff prays for damages against Defendants, and each of them, as set

3   forth below.

4                 **SECOND CAUSE OF ACTION**

**ASSAULT AND BATTERY**

5                **(Against All Defendants)**

6       27.   Plaintiff hereby realleges and incorporates each and every allegation set forth in

7   paragraphs 1 through 26 as though fully set forth herein.

8       28.   Plaintiff is informed and believe, and thereupon allege, that on or about February

9   5, 2007 through February 9, 2007, Defendants Petersen and/or DOE 1 and DOES 11 through 50,

10   and each of them, deliberately, and with premeditated intent to injure Plaintiff, while in the course

11   and scope of their employment with Defendants Martinez and/or MPD, and each of them,

12   wrongfully used excessive force without lawful excuse and justification.

13       29.   Defendants Petersen and/or DOE 1 and DOES 11 through 50, and each of them,

14   willfully and unlawfully committed battery on the person of Plaintiff. At the time of the

15   aforementioned battery, Plaintiff posed absolutely no threat to Defendants whatsoever.

16       30.   Plaintiff alleges that by doing the acts described herein above, Defendants Petersen

17   and/or DOE 1 and DOES 11 through 50, and/or each of them, misused and took advantage of

18   their force and authority as police officers. Plaintiff further alleges that said Defendants were only

19   able to use excessive force on Plaintiff, due to the force and authority of the position they held.

20       31.   Plaintiff further alleges that due to the trust and authority given to police officers

21   by virtue of their position, Defendants Petersen and/or DOE 1 and DOES 11 through 50 had a

22   special relationship with Plaintiff and owed a duty of care to Plaintiff who detrimentally relied on

23   said Defendants to use reasonable force, if necessary. By committing the acts described herein

24   above, Defendants Petersen and/or DOE 1 and DOES 11 through 50 breached said duty of care.

25       32.   The conduct of Defendants Petersen and/or DOE 1 and DOES 11 through 50

26   described herein above was done within the course and scope of their employment, agency, and/or

27

28   PLAINTIFF JAMES TALADA III'S
COMPLAINT FOR DAMAGES       6

 

1  service with Defendants Martinez and/or MPD, and each of them, and under color of their

2  authority, and Defendants Martinez and/or MPD, and each of them, are, therefore, vicariously

3  liable for same under Government Code §§ 815.2, 815.3, and 820.

4      33.   Plaintiffs are informed and believe, and thereupon allege, that Defendant Cutaia

5  and DOES 30 through 50 consciously disregarded, authorized, and/or ratified the conduct of

6  Defendants Petersen and/or DOE 1 and DOES 11 through 50. Accordingly, Defendants Cutaia

7  and DOES 30 through 50, and each of them, are liable as *respondeat superior* for the acts of said

8  Defendants who were acting within the course and scope of their employment.

9      34.   As a proximate result of the afore-described acts of Defendants, Plaintiff was

10  injured, and sustained the injuries and damages described herein. As a further proximate result of

11  defendants' acts, Plaintiff was prevented from attending his usual occupation. Plaintiff thereby

12  lost and will lose earnings.

13      35.   The aforementioned acts of Defendants Petersen and/or DOE 1 and DOES 11

14  through 50 were done by them knowingly, intentionally, and maliciously, for the purpose of

15  harassment, oppression, and inflicting injury upon Plaintiff, and in reckless, wanton, and callous

16  disregard of Plaintiff's safety, security, and Civil Rights. By reason thereof, Plaintiff claim

17  exemplary and punitive damages from said Defendants in an amount according to proof at trial.

18      WHEREFORE, Plaintiff prays for damages against Defendants, and each of them, as set

19  forth below.

20  **THIRD CAUSE OF ACTION**<br>**NEGLIGENCE**<br>**(Against All Defendants)**

21

22      36.   Plaintiff hereby realleges and incorporate each and every allegation set forth in

23  paragraphs 1 through 35 though fully set forth herein.

24      37.   Plaintiff is informed and believes, and thereupon alleges, that Defendants

25  Defendants Petersen and/or DOE 1 and DOES 11 through 50 and/or each of them, individually

26  and/or acting in concert and while acting within the course and scope of their employment for

27

28  PLAINTIFF JAMES TALADA III'S        7
    COMPLAINT FOR DAMAGES

1    Defendants Martinez and/or MPD and/or Cutaia, owed Plaintiff a duty to use due care at or about

2    the times of the aforementioned acts and/or omissions.

3         38.     In doing the aforementioned acts and/or omissions, Plaintiff is informed and

4    believes and thereupon alleges that said Defendants and/or each of them, individually and/or while

5    acting in concert with one another, negligently breached said duty to use due care, resulting in the

6    injuries and damages to the Plaintiff as alleged herein.

7         39.     Plaintiff is informed and believe and thereupon allege that at the time of the

8    aforementioned acts and/or omissions, Defendants Petersen and/or DOE 1 and DOES 11 through

9    50 and/or each of them, were employed by Defendants Martinez and/or MPD and/or Cutaia and

10   were acting within the course and scope of their employment. Accordingly, Defendants Martinez

11   and/or MPD and/or Cutaia are liable as *respondeat superior* for the negligence of said Defendants

12   who were acting within the course and scope of their employment.

13        40.     As a result of the negligence of said Defendants, and each of them, Plaintiff

14   suffered the damages and injuries as described herein.

15        WHEREFORE, Plaintiff prays for damages against Defendants, and each of them, as set

16   forth below.

17                          FOURTH CAUSE OF ACTION
                 NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING
18       (Against Defendants Martinez, MPD, Cutaia, Does 1 through 10 and Does 30 through 50)

19        41.     Plaintiff hereby realleges and incorporates each and every allegation set forth in

20   paragraphs 1 through 40 as though fully set forth herein.

21        42.     Plaintiff is informed and believes, and thereupon alleges, that Defendants

22   Martinez, MPD, and/or Cutaia, and each of them, owed the public in general, and Plaintiff in

23   particular, a duty to use reasonable and due care in carefully selecting, retaining, and supervising

24   their agents and/or servants and/or employees, including Defendants Petersen and/or DOE 1 and

25   DOES 11 through 50, and owed Plaintiff a duty to continuously review and evaluate the

26   competency and fitness of their agents and/or servants and/or employees, and to insure that their

27

28   PLAINTIFF JAMES TALADA III'S                          8
     COMPLAINT FOR DAMAGES

1  agents and/or servants and/or employees are fit and competent for the tasks for which they were

2  hired.

3      43.   Plaintiff is informed and believes, and thereupon alleges, that prior to the events

4  described herein above, Defendants Martinez, MPD, and/or Cutaia, and each of them, had actual

5  and/or constructive notice of the propensities of Defendants Petersen and/or DOE 1 and DOES 11

6  through 50 to commit the above described acts and to abuse their position and authority, and failed

7  to take reasonable steps to prevent same, in complete disregard of the rights and safety of the

8  public in general and of Plaintiff in particular.

9      44.   Plaintiff is informed and believe, and thereupon alleges, that by hiring and

10  employing Defendants Petersen and/or DOE 1 and DOES 11 through 50 to a position of trust and

11  special authority with the public, Defendants Martinez, MPD, and/or Cutaia, and each of them,

12  held Defendants Petersen and/or DOE 1 and DOES 11 through 50 out to the general public in

13  general and to Plaintiff in particular, as competent and trustworthy.

14      45.   Plaintiff are further informed and believe, and thereupon alleges, that Defendants

15  Martinez, MPD, and/or Cutaia, and each of them, had a duty to supervise their staff, agents, and

16  employees, including Defendants Petersen and/or DOE 1 and DOES 11 through 50, because it

17  placed them in a unique position of trust, confidence, and authority, under which the public in

18  general, and Plaintiff in particular, should suppose themselves to be safe from excessive force.

19      46.   Plaintiff is informed and believe, and thereupon alleges, that Defendants Martinez,

20  MPD, and/or Cutaia, and each of them, so negligently and/or carelessly, and/or recklessly, and/or

21  in any other actionable manner, failed to properly ensure the character, quality, ability, fitness and

22  competence of their servants, agents, and employees, including Defendants Petersen and/or DOE

23  1 and DOES 11 through 50.

24      47.   Plaintiff is further informed and believe, and thereupon alleges, that Defendants

25  Martinez, MPD, and/or Cutaia, and each of them, failed to monitor and supervise their agents,

26  servants, and employees, including Defendants Petersen and/or DOE 1 and DOES 11 through 50,

27

28  PLAINTIFF JAMES TALADA III'S                      9
    COMPLAINT FOR DAMAGES

1  in order to reasonably insure that the public in general, and Plaintiff in particular, would be

2  protected from wrongful conduct and from excessive force.

3      48.    Plaintiff is informed and believes, and thereupon alleges, that Defendants

4  Martinez, MPD, and/or Cutaia, and each of them, did nothing to stop Defendants Petersen and/or

5  DOE 1 and DOES 11 through 50 from using excessive force, even after they knew, or should have

6  known, of Defendants' deviant propensities.

7      49.    Defendants Martinez, MPD, and /or Cutaia, and each of them, negligently

8  and carelessly hired, employed, retained, trained, supervised, assigned, controlled, and

9  negligently and carelessly failed to adequately discipline Defendants Petersen and/or DOE 1 and

10  DOES 11 through 50, even though Defendants Martinez, MPD, and/or Cutaia, and each of them,

11  knew, or in the exercise of reasonable diligence should have known, that all said Defendants had a

12  propensity for using unnecessary, unreasonable, excessive force, and were otherwise vicious and

13  unfit to be given the responsibilities of sheriffs and/or deputies. Nevertheless, Defendants

14  Martinez, MPD, and/or Cutaia, and each of them, negligently, carelessly, recklessly, and/or with

15  a reckless disregard for the public safety, including Plaintiff, employed and supervised said

16  Defendants, and assigned said Defendants to duties which enabled each of them to use

17  unreasonable, unnecessary and excessive force, proximately causing severe injuries to Plaintiff.

18      50.    As a direct and proximate result of the above described conduct, Plaintiff

19  sustained injuries and damages alleged herein.

20      WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as set

21  forth below.

22              **FIFTH CAUSE OF ACTION**
   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
23              **(Against all Defendants)**

24      51.    Plaintiff hereby realleges and incorporates each and every allegation set forth in

25  paragraphs 1 through 50 though fully set forth herein.

26      52.    Plaintiff is informed and believes, and thereupon alleges, that the conduct

27

28  PLAINTIFF JAMES TALADA III'S          10
   COMPLAINT FOR DAMAGES

1   described herein was outrageous, and done with the intent of causing, or reckless disregard to the

2   probability of causing, severe emotional distress, and did actually cause severe emotional distress

3   to Plaintiff.

4          53.    Plaintiff alleges that by doing the acts described herein above, Defendants Petersen

5   and/or DOE 1 and DOES 11 through 50 misused and took advantage of their force and authority

6   as police officers.

7          54.    Plaintiff further alleges that due to the trust and authority given to police officers

8   by virtue of their position, Defendants Petersen and/or DOE 1 and DOES 11 through 50 had a

9   special relationship with Plaintiff and owed a duty of care to Plaintiff who detrimentally relied on

10  said Defendants use of reasonable force.  By committing the acts described herein above,

11  Defendants Petersen and/or DOE 1 and DOES 11 through 50 breached said duty of care.

12         55.    The conduct of Defendants Defendants Petersen and/or DOE 1 and DOES 11

13  through 50 described above was done within the course and scope of their employment, agency

14  and/or service with Defendants Martinez and/or MPD, and each of them, and under color of their

15  authority; and Defendants Martinez and/or MPD, and each of them, are, therefore, vicariously

16  liable for same under Government Code §§ 815.2, 815.3, and 820.

17         56.    Plaintiffs are informed and believe, and thereupon allege, that Defendant Cutaia

18  and DOES 30 through 50 consciously disregarded, authorized, and/or ratified the conduct of

19  Defendants Petersen and/or DOE 1 and DOES 11 through 50 .  Accordingly, Defendants Cutaia

20  and DOES 30 through 50, and each of them, are liable as *respondeat superior* for the acts of said

21  Defendants who were acting within the course and scope of their employment.

22         57.    As a proximate result of the afore-described acts of Defendants, Plaintiff was

23  injured, and sustained the injuries and damages described herein.

24         58.    The aforementioned acts of Defendants Petersen and/or DOE 1 and DOES 11

25  through 50 were done by them knowingly, intentionally, and maliciously, for the purpose of

26  harassment, oppression, and inflicting injury upon Plaintiff, and in reckless, wanton, and callous

27

28  PLAINTIFF JAMES TALADA III'S                        11
    COMPLAINT FOR DAMAGES

1    disregard of Plaintiff's safety, security, and Civil Rights. By reason thereof, Plaintiff's claim

2    exemplary and punitive damages from said Defendants in an amount according to proof at trial.

3       WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as set

4    forth below.

### SIXTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS, CALIFORNIA CIVIL CODE § 52.1
(Against all Defendants)

7       59.    Plaintiff hereby realleges and incorporates each and every allegation set forth in

8    paragraphs 1 through 58 though fully set forth herein.

9       60.    In doing the acts and/or omissions as alleged heretofore in this Complaint,

10    Defendants subjected Plaintiff, to the violation of their rights under the United States and/or

11    California Constitutions, including, but not limited to, the right to be free from unreasonable

12    seizures, the right to due process of law, the right to equal protection of the law, the right to be

13    free from bodily harm.

14       61.    As a result of said Defendants' violation of Plaintiff's constitutional rights,

15    Plaintiff incurred damages as alleged in this Complaint and is also entitled to an award of statutory

16    damages under California Civil Code Sections 52 and 52.1.

17       62.    The aforementioned acts of Defendants Petersen and/or DOE 1 and DOES 11

18    through 50 were done by them knowingly, intentionally, and maliciously, for the purpose of

19    harassment, oppression, and inflicting injury upon Plaintiff, and in reckless, wanton, and callous

20    disregard of Plaintiff's safety, security, and Civil Rights. By reason thereof, Plaintiff claims

21    exemplary and punitive damages from said Defendants in an amount according to proof at trial.

22       WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as set

23    forth below.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS, 42 U.S.C. §§ 1983, 1985, 1986, 1988
(Against all Defendants)

26       63.    Plaintiff hereby realleges and incorporates each and every allegation set forth in

27    paragraphs 1 through 62 though fully set forth herein.

28    PLAINTIFF JAMES TALADA III'S             12
     COMPLAINT FOR DAMAGES

1    64.    The use of force, the searches and seizure of both Plaintiff's person and property,
2  and the false imprisonment by Defendants Petersen and/or DOE 1 and DOES 11
3  through 50 was unconstitutional, without cause or justification, excessive and illegal, and in
4  violation of Plaintiffs' constitutional rights to be free from excessive, unreasonable, and unjustified
5  force against their persons and free from unlawful searches and seizures, and in violation of the
6  Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

7    65.    Plaintiff further alleges that Defendants Martinez, MPD, and/or Cutaia, and
8  each of them, acting with gross negligence and with reckless and deliberate indifference to the
9  rights and liberties of the public in general and of Plaintiff in particular, knowingly maintained,
10  enforced, and applied a policy and practice of:

11         a.        Employing and retaining police officers and police chiefs who said
12  Defendants at all times herein knew, or reasonably should have known, had dangerous
13  propensities for abusing and/or neglecting their authority and committing acts of excessive force;

14         b.        Inadequately supervising, training, controlling, assigning, and
15  disciplining police officers and police chiefs who said Defendants knew, or in the exercise of
16  reasonable care should have known, had the afore-described propensities and character traits;

17         c.        Maintaining grossly inadequate procedures for reporting,
18  supervising, investigating, reviewing, disciplining and controlling the conduct of the police
19  officers and police chiefs, particularly with respect to illegal acts and acts of excessive force;

20         d.        Fostering and encouraging a policy, pattern, and practice of violence
21  through their official positions, which proximately resulted in the excessive force on Plaintiff.

22    66.    At all times prior to February 5, 2007, Defendant Cutaia and DOES 30
23  through 50, and each of them, were policy makers for Defendants Martinez and/or MPD, and each
24  of them, and knew or should have reasonably known that Defendants Petersen and/or DOE 1 and
25  DOES 11 through 50 had a propensity to violate the civil rights of persons and/or to fail to prevent
26  the violations of civil rights by others, including but not limited to, excessive, unreasonable and/or
27  unjustified use of force and unlawful searches and seizures, yet failed to adequately train, retrain,

28  PLAINTIFF JAMES TALADA III'S                    13
   COMPLAINT FOR DAMAGES

1  monitor, supervise, and discipline said defendants.

2       67.    Defendants Martinez, MPD, Cutaia, and DOES 30 through 50, and each of

3  them, have, as a matter of policy, custom and/or practice, with deliberate and reckless

4  indifference, failed to properly sanction or discipline sheriffs and deputies, including Defendants

5  Defendants Petersen and/or DOE 1 and DOES 11 through 50 , for violations of the constitutional

6  rights of citizens, and have tolerated, ratified, permitted and condoned systematic misuse of force,

7  excessive force by sheriffs and deputies, thereby causing them to engage in said unlawful conduct.

8       68.    Defendants Martinez, MPD, Cutaia, and each of them, and Defendant

9  DOES 11 through 50, and each of them, as a matter of policy, custom, and/or practice, have with

10  deliberate and reckless indifference, failed to properly sanction or discipline sheriffs and deputies,

11  including  Defendants Petersen and/or DOE 1 and DOES 11 through 50 , and were aware of and

12  subsequently concealed and/or failed to disclose and/or discover violations of the constitutional

13  rights of citizens by other sheriffs and/or deputies, thereby causing and encouraging them to

14  engage in unlawful conduct.

15       69.    Defendants Martinez, MPD, Cutaia, and DOES 30 through 50, and each of

16  them, had knowledge that some or all of the wrongs described in detail above, were about to be

17  committed, had the power to prevent or aid in the prevention of commission of said wrongful acts

18  and by reasonable diligence could have prevented the aforementioned wrongs done, but neglected

19  and/or refused to prevent, or aid in the prevention of commission of said wrongs done.

20       70.    As a direct and proximate result of Defendants' actions, Plaintiff was deprived

21  of rights, privileges, and immunities under the Fourth, Eighth, and Fourteenth Amendments to the

22  United States Constitution and the laws of the State of California, in particular, the rights to be

23  secure in one's person, to be free from unjustified, unauthorized and/or excessive use of force, to

24  be free from unlawful searches and seizures, under the Fourth, Eighth, and Fourteenth

25  Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

26       71.    As a direct and proximate result of defendants' actions, Plaintiff suffered the

27  injuries and damages described herein.

28  PLAINTIFF JAMES TALADA III'S
    COMPLAINT FOR DAMAGES                    14

72.   Plaintiff is informed and believe and thereupon allege that the conduct of the Defendants Petersen and/or DOE 1 and DOES 11 through 50, and/or each of them, was intentional, malicious, oppressive, and/or done with a conscious or reckless disregard for the rights of Plaintiffs. As a result, Plaintiffs are entitled to recover all damages provided for the violation of these rights and their personal injuries, including but not limited to, general and special damages according to proof, punitive damages, costs of suit and attorney fees under 42 U.S.C. § 1988.

WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as set forth below.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1.   For general damages according to proof;

2.   For special damages according to proof;

3.   For punitive and exemplary damages according to proof;

4.   For interest at the legal rate on all sums due;

5.   For reasonable attorney's fees as allowed by law and according to proof, if any;

6.   For costs of suit and expert fees pursuant to applicable statutes;

8.   For such other and further relief as the court deems just and proper.

Dated: March // , 2008         By: _____
                                    James Talada, III.
                                    In Pro Per

PLAINTIFF JAMES TALADA III'S
COMPLAINT FOR DAMAGES                  15

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

James Talada III.
*In Pro Per*
142 Camino del Sol
Martinez, CA 94553

TELEPHONE NO.: 925-229-2774    FAX NO.:

ATTORNEY FOR *(Name):* In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Contra Costa
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: P.O. Box 911
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME: Talada v. City of Martinez, et al.

FILED
2008 MAR 11 A 11: 18
K. TORRE CLERK OF THE SUPERIOR COURT
CONTRA COSTA, CAL.
BY: _____ D. Wehmer, Deputy Clerk

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: C08 00574 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder — Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [X] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive

4. Number of causes of action *(specify):* Six

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:

James Talada III.
_____
(TYPE OR PRINT NAME)         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**
*Legal Solutions Plus*

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**

2009 MAR 11  A 11: 18

K. TORRE, CLERK OF THE SUPERIOR COURT
CONTRA COSTA CALIF.

By _____ K. Wagner, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF MARTINEZ; MARTINEZ POLICE DEPARTMENT; CHIEF
DAVE CUTAIA, Martinez Chief of Police; SERGEANT GARY
PETERSEN OR DOE 1, a Martinez Police Officer; and
DOES 2 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAMES TALADA III

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| CASE NUMBER: *(Número del Caso):* | C 08    00574 |
|---|---|

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, Contra Costa County
725 Court Street
P.O. Box 911
Martinez, CA 94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
925-229-2771
James Talada III.
In Pro Per
142 Camino del Sol
Martinez, CA 94553

DATE: 3/11/08     CLERK OF THE SUPERIOR COURT
*(Fecha)*

Clerk, by **D. WAGNER** , Deputy
*(Secretario)*     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **NOTICE OF REMOVAL OF STATE COURT ACTION TO FEDERAL DISTRICT COURT** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

Plaintiff in Pro Per:

Mr. James Talada, III
142 Camino Del Sol
Martinez, CA 94553

Phone: 925-229-2771

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 4, 2008 at Walnut Creek, California.

SABRINA AHIA

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330