JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
J. GARRET DEAL (State Bar No. 249934)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF MARTINEZ, MARTINEZ POLICE DEPARTMENT,
CHIEF DAVE CUTAIA, Martinez Chief of Police and
SERGEANT GARY PETERSEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TALADA III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MARTINEZ; MARTINEZ POLICE DEPARTMENT; CHIEF DAVE CUTAIA, Martinez Chief of Police; SERGEANT GARY PETERSEN OR DOE 1, a Martinez Police Officer; and DOES 2 through 50, inclusive,<br><br>Defendants. | Case No. C08-02771 WHA<br><br>**DEFENDANTS' CASE MANAGEMENT STATEMENT**<br><br>Date:   September 10, 2008<br>Time:   11 a.m.<br>Dept:   Courtroom 9, 19th Floor<br>Judge: Honorable William H. Alsup |

Defendants hereby submit this Case Management Conference Statement. Defendants attempted to meet and confer with Plaintiff, who is in pro per, regarding any changes or modifications to this proposed Case Management Conference Statement to come up with a joint statement per order of the Court, including several different telephone conversations with Plaintiff, though Plaintiff did not provide any feedback, changes or modifications to Defendants during that process. Therefore, to comply with the Court's order regarding the deadline to file such a statement, Defendants were forced to unilaterally file this document on their own behalf.

/ / /

Defendants' Case Management Statement – C08-02771 - WHA

## 1. Jurisdiction and Service

Defendants removed this case from the Superior Court of Contra Costa County pursuant to 42 U.S.C. § 1441(b) on June 4, 2008. No issues exist regarding personal jurisdiction or venue. All parties have been served and have appeared.

## 2. Facts

This case involves the arrest of Plaintiff JAMES TALADA III ("Plaintiff") in Reno, Nevada pursuant to a lawfully obtained arrest warrant. Northern California law enforcement officers, including Defendant SERGEANT GARY PETERSEN ("Petersen"), an employee of Defendant MARTINEZ POLICE DEPARTMENT ("MPD"), determined that there was a unique genetic profile for six stale rape cases matching the same suspect but the suspect's DNA profile was not in the State of California's Combined DNA Index System. On October 31, 2006 Detective Maloney of the MPD submitted a 1996 case that occurred in the City of Martinez to the Contra Costa District Attorney's Office for review. Senior District Attorney Paul Sequeira issued a complaint charging "John Doe" with several very serious felony charges. John Doe was identified in the complaint by his unique genetic profile.

On November 14, 2006 Petersen, along with other investigators, participated in a press conference at the Sacramento Police Department. The purpose of the press conference was to appeal to the public for information on suspects for the six cases. The suspect was described as 37-40 years of age, 5'-6" – 6' tall, 200-240 pounds with a noticeable pot belly. Petersen was among the investigators interviewed by the media. Clips of the interview were broadcast in both Sacramento and Bay Area markets and articles appeared in print media for several days. The articles were subsequently published by the Associated Press.

On January 30, 2007, a Police Administrative Secretary handed Petersen a letter from an unidentified informant that included information relating to law enforcement attempts to secure information about these rapes. Along with the information submitted was a document dated January 24, 2007, which set forth in detail information regarding Plaintiff and a female friend. The letter provided dates, addresses, phone numbers, e-mail addresses and other very specific information. Petersen followed up on this information and concluded that the suspect described

Defendants' Case Management Statement – C08-02771 - WHA    2

in the anonymous letter, Plaintiff, had actually been in the areas where all of the rapes had occurred, among other relevant facts.

Based on this information, on February 5, 2007 Peterson met with Judge Maryann O'Malley of the Contra Costa County Superior Court to have her review an affidavit for a search warrant and arrest warrant for Plaintiff. After reviewing the affidavit, Judge O'Malley signed the warrant authorizing the arrest of Plaintiff and the seizure of cells containing his DNA.

Plaintiff was subsequently found and taken into custody in Reno, Nevada. He was handcuffed after Peterson contacted him and told the nature of the investigation and Peterson's desire for him to submit to a DNA swab. When Peterson had Detective Busciglia walk over to the location with a buccal swab kit, Plaintiff refused to submit to the test. When they arrived at the Reno Police Department, Plaintiff was advised of his rights and declined to provide a statement. Plaintiff was subsequently taken to the Washoe County Jail pursuant to the warrant signed by Judge O'Malley.

On February 6, 2007 Deputy District Attorney Bill Clark met with Peterson and members from the Martinez Police Department at the Reno Police Department Investigations Bureau and advised Peterson that they could obtain a sample from Plaintiff while he was in custody pursuant to California Penal Code ("PC") § 296. Detective Busciglia contacted Plaintiff at the Washoe County Jail to collect a buccal sample and he provided the sample.

On February 9, 2007 Peterson received a call from Criminalist David Stockwell who advised that Plaintiff's DNA profile did not match their case. Peterson immediately called the Washoe County Jail and had Plaintiff released pursuant to PC § 849(b)(1). Plaintiff was released at 2:09 p.m. on February 9, 2007.

3.  **Legal Issues**

(a) Whether the Defendants are entitled to absolute and/or qualified immunity based on their arrest of Plaintiff pursuant to the valid search and arrest warrants.

(b) Whether any exceptions apply to Defendants' immunities.

///

### 4. Motions

Defendants expect to file a motion for summary judgment based on the validity of the search and arrest warrants and their corresponding immunities as peace officers and public entities.

### 5. Amendment of Pleadings

No amendments are expected.

### 6. Evidence Preservation

Defendants will preserve all potentially relevant evidence.

### 7. Disclosures

Defendants have provided Plaintiff with their Initial Disclosures.

### 8. Discovery

Thus far, Defendants have only provided Plaintiff with their Initial Disclosures. Plaintiff has not provided Defendants with any documents.

### 9. Class Actions

Not applicable.

### 10. Related Cases

Not applicable.

### 11. Relief

Plaintiff seeks compensation for special damages, as well as general damages and punitive damages. However, Plaintiff has not provided evidence of any out of pocket expenses to date.

### 12. Settlement and ADR

The parties will conduct whatever settlement and/or ADR procedures the Court deems appropriate.

### 13. Consent to Magistrate Judge for All Purposes

Following Defendants removal of this action, it was assigned to this Court for all purposes.

///

### 14. Other References

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

None.

### 16. Expedited Schedule

This case cannot be handled on an expedited basis.

### 17. Scheduling

Defendants propose the following schedule in this matter:

| Event | Proposed Deadline |
|---|---|
| Completion of non-expert discovery | May 22, 2009 |
| Expert Disclosure Deadline | June 26, 2009 |
| Rebuttal Expert Disclosure Deadline | July 10, 2009 |
| Completion of Expert Discovery | July 24, 2009 |
| Last Day to Hear Dispositive motions | September 3, 2009 |
| File Pre-Trial Conference Statements | September 25, 2009 |
| Pre-Trial Conference (subject to Court's availability) | October 5, 2009 |
| Trial Date (subject to Court's availability) | October 26, 2009 |

### 18. Trial

The case will be tried to a jury. Trial is estimated to take 8-10 days.

### 19. Disclosure of Non-Party Interested Entities or Persons

The parties are unaware of any non-parties whose interests could be substantially affected by the outcome of the proceeding.

### 20. Other Matters

Defendants anticipate filing a dispositive motion for summary judgment at the earliest practical time convenient to the Court following some likely limited discovery.

Defendants' Case Management Statement – C08-02771 - WHA      5

Dated: September 2, 2008

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
J. Garret Deal
Attorneys for Defendants
CITY OF MARTINEZ, MARTINEZ POLICE DEPARTMENT, CHIEF DAVE CUTAIA, Martinez Chief of Police and SERGEANT GARY PETERSEN

Defendants' Case Management Statement – C08-02771 - WHA            6

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **DEFENDANTS' CASE MANAGEMENT STATEMENT** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

Plaintiff in Pro Per:

Mr. James Talada, III
142 Camino Del Sol
Martinez, CA 94553

Phone: 925-229-2771

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 3, 2008 at Walnut Creek, California.

*/s/ Sabrina Ahia*
SABRINA AHIA