JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNamara, Dodge, Ney, Beatty, Slattery,
Pfalzer, Borges & Brothers LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF MARTINEZ, MARTINEZ POLICE DEPARTMENT,
CHIEF DAVE CUTAIA, SERGEANT GARY PETERSON,
COMMANDER MARK SMITH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TALADA, III, and MELODY LABELLA,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF MARTINEZ; MARTINEZ POLICE DEPARTMENT; CHIEF DAVE CUTAIA; SERGEANT GARY PETERSON; COMMANDER MARK SMITH; et. al.<br><br>Defendants. | Case No. C08-02771 WHA<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

This answer to Plaintiffs JAMES TALADA, III and MELODY LABELLA'S Second Amended Complaint for Damages ("SAC") is being submitted by Defendants CITY OF MARTINEZ, MARTINEZ POLICE DEPARTMENT, CHIEF CUTAIA, SGT. PETERSON and CMD. MARK SMITH ("Defendants"). Defendants demand a jury trial.

Plaintiff MELODY LABELLA does not raise any claims against the CITY OF MARTINEZ, MARTINEZ POLICE DEPARTMENT, CHIEF CUTAIA, SGT. PETERSON and CMD. MARK SMITH in the SAC. Thus, this answer is being submitted only in response to Plaintiff JAMES TALADA, III (hereinafter "Plaintiff").

ANSWER TO SECOND AMENDED
COMPLAINT - Case No. C08-02771 WHA

## PARTIES AND JURISDICTION

In answering paragraphs 1 through 22, these answering Defendants respond as follows.

1. These answering Defendants neither admit nor deny the allegations in paragraph 1 relating to Plaintiff James Talada, III.

2. These answering Defendants neither admit nor deny the allegations in paragraph 2 relating to Plaintiff Melody LaBella.

3. These answering Defendants neither admit nor deny the allegations in paragraph 3 as they are matters of law and not appropriate for admission or denial.

4. These answering Defendants admit that the City of Martinez is a public entity, organized under the laws of the State of California  Defendants further admit that the City of Martinez Police Department is the police department within the City of Martinez.  Defendants neither admit nor deny the remaining allegations in paragraph 4.

5. These answering Defendants admit that the Police Chief David Cutaia was the Chief of the City of Martinez Police Department at all times relevant to Plaintiffs' SAC as alleged in paragraph 5.  Defendants neither admit nor deny the remaining allegations in paragraph 5.

6. These answering Defendants admit that Sgt. (now Commander) Gary Peterson is and was a police officer for the City of Martinez Police Department at all times relevant to Plaintiffs' SAC as alleged in paragraph 6.  Defendants neither admit nor deny the remaining allegations in paragraph 6.

7. These answering Defendants admit that Commander Mark Smith was a police officer with the City of Martinez Police Department at all times relevant to Plaintiffs' SAC as alleged in paragraph 7.  Defendants neither admit nor deny the remaining allegations in paragraphs 7.

8. These answering Defendants neither admit nor deny the allegation in paragraph 8 as it is not a matter appropriate for admission or denial.

9. These answering Defendants have no personal knowledge about the allegations in paragraphs 8 through 11 pertaining to Defendants Guardsmark GP, LLC and Christina Akeson and, therefore, neither admit nor deny the allegations in paragraphs 9 through 11.

ANSWER TO SECOND AMENDED
COMPLAINT - Case No. C08-02771 WHA                                2

10. These answering Defendants neither admit nor deny the allegations in paragraph 12 through 17 as they are legal matters not proper for admission or denial.

11. These answering Defendants admit that the City of Martinez Police Department is the police department within the City of Martinez and that David Cutaia was the Chief of the City of Martinez Police Department who supervised Sgt. Peterson and Commander Smith. These answering Defendants neither admit nor deny the remaining allegations in paragraphs 18 through 20.

12. These answering Defendants have no personal knowledge about the allegations in paragraph 21 pertaining to Defendants Guardsmark GP, LLC and Christina Akeson and, therefore, neither admit nor deny the allegation in paragraphs 21.

13. These answering Defendants neither admit nor deny the allegations in paragraph 22 as they are not matters appropriate for admission or denial.

## FACTS

In answering paragraphs 23 through 66, these answering Defendants respond as follows.

14. This case pertains to a series of rapes that occurred in Northern California, including one rape in Martinez in 1996, from which a sperm donor profile was obtained. Due to technological advances, the DNA from the Martinez rape was analyzed in June of 2001, almost five years after the crime, and submitted to the State Department of Justice DNA Laboratory to search the Violent Offenders Database. The DNA sample was later matched with five other rapes in Northern California, but, unfortunately, did not yield a suspect.

15. On November 14, 2006, Sgt. Peterson and other agencies participated in a press conference at the Sacramento Police Department to appeal to the public for information on possible suspects in the case. The press later dubbed the suspect as the "NorCal Rapist." From the varied victim accounts and due to the passage of time, the suspect was described at that time as a white male adult, between the ages of approximately 37-40 years old, approximately 5'8" to 6'0" tall, weighing approximately 200-240 pounds with a noticeable pot belly.

16. On January 30, 2007, Sgt. Peterson of the Martinez Police Department received an anonymous letter which included two typed letters, several photographs and news clippings from

ANSWER TO SECOND AMENDED                 3
COMPLAINT - Case No. C08-02771 WHA

1  a story about the serial rapist. The anonymous letter essentially implicated Talada as the NorCal
2  Rapist, indicating incriminating details such as prior admissions of rape by Talada, other crimes
3  and abusive behavior involving Talada, and other facts that potentially related to the six involved
4  rapes. Photographs of Talada were also included with the letter. The envelope, the anonymous
5  letter and contents were processed for fingerprints, but no usable prints were located on any of the
6  materials. The source of the anonymous letter was never determined despite forensic testing and
7  other investigation.

8      17.   Following receipt of the anonymous letter, the Martinez Police Department
9  investigated the details included in the anonymous letter and confirmed the accuracy of many of
10  the key details. In addition, it was determined that Talada had contacts with Chico (he was a
11  student there in the 1990's), he lived in Martinez in the Bay Area after 1998, and he also used to
12  rent various cars and travel to Reno, Nevada. This is important as several of the other rapes
13  (Vallejo, Davis and Sacramento) are geographically located in or around Highway 80 which is a
14  main highway used to get to and from the Chico and/or Reno areas.

15      18.   A DMV printout of Talada in January of 2007 indicated that he appeared to be a
16  Caucasian male, approximately 5'10" tall with brown hair and weighed approximately 175
17  pounds, though this information was only current (at least in relation to the weight issue) as of the
18  time of the photograph in May of 2003. At the time of the anonymous letter, Talada was 37 years
19  old.

20      19.   On February 5, 2007, Sgt. Peterson presented all of the above information and
21  other details, including a DMV photograph of Talada which resembled a 1997 ATM photograph
22  of the suspect, to Judge Maryann O'Malley of the Contra Costa County Superior Court to obtain a
23  search and arrest warrant for Talada. Based on the evidence presented by Sgt. Peterson, Judge
24  O'Malley signed a search and arrest warrant for Talada and authorized the taking of a buccal
25  swab from Talada for DNA testing.

26      20.   On February 5, 2007, Talada was arrested in the City of Reno, NV, by the Reno
27  Police Department's SWAT team in response to the City of Martinez Police Department's arrest
28  warrant. Sgt. Peterson was down the street from the location of the arrest.

ANSWER TO SECOND AMENDED                    4
COMPLAINT - Case No. C08-02771 WHA

21. Talada was booked into Washoe County Jail in Reno, Nevada, on February 5, 2007.

22. Per the search and arrest warrants, a buccal swab was permitted for DNA analysis. After Talada initially refused to provide a buccal swab, he relented and a swab was taken for analysis. On February 9, 2007, after Talada's DNA was tested, it was determined that Talada's DNA did not match the DNA found in relation to the Martinez Rape and other related rapes. Immediately after obtaining these DNA results, Talada was released from jail in Nevada on February 9, 2007.

23. While Talada was still incarcerated in Reno, investigators of the CCC District Attorneys office searched the home of Melody LaBella, with her consent, and confiscated several evidentiary items.

24. On March 22, 2007, the City of Martinez Police Department issued a public statement that good legal grounds existed for Talada's arrest.

25. On August 2, 2007, Talada filed a state tort claim, which was rejected.

26. These answering Defendants have no personal knowledge about the allegations in paragraphs 23 through 50 pertaining to Defendants Guardsmark GP, LLC and Christina Akeson and, therefore, neither admit nor deny the allegation in paragraphs 23 through 50 as to those Defendants.

27. These answering Defendants deny the remaining allegations in Paragraphs 23 through 66.

## FIRST CLAIM

### FALSE ARREST/IMPRISONMENT

**(By Plaintiff Talada Against All Defendants Except the Guardsmark Defendants)**

28. In answering paragraphs 67 through 73, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

29. Defendants deny the allegations in paragraphs 67 through 73 of Plaintiffs' SAC.

///

///

## SECOND CLAIM

## NEGLIGENCE

**(By Plaintiff Talada Against Police Defendants)**

30. In answering paragraphs 74 through 80, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

31. Defendants deny the allegations in paragraphs 74 through 80 of Plaintiffs' SAC.

## THIRD CLAIM

## NEGLIGENCE

**(By Plaintiff LaBella Against Guardsmark Defendants and Does 1-100)**

32. In answering paragraphs 81 through 86, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

33. Defendants neither admit nor deny the allegations in paragraphs 81 through 86 of Plaintiffs' SAC relating to Plaintiff LaBella and the Guardsmark Defendants.

## FOURTH CLAIM

## NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING

**(By Plaintiff Talada Against Police Defendants and Does 1-100)**

34. In answering paragraphs 87 through 102, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

35. Defendants deny the allegations in paragraphs 87 through 102 of Plaintiffs' SAC.

## FIFTH CLAIM

## NEGLIGENT HIRING, RETENTION, SUPERVISION, TRAINING

**(By Plaintiff LaBella Against Guardsmark and Does 1-100)**

36. In answering paragraphs 103 through 118, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

37. Defendants neither admit nor deny the allegations in paragraphs 103 through 118 of Plaintiffs' SAC relating to Plaintiff LaBella and Defendant Guardsmark.

///

///

## SIXTH CLAIM

## INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

**(By Plaintiff Talada Against Police Defendants, Christina Akeson and Does 1-100;**

**And By Plaintiff LaBella Against Christina Akeson and Does 1-100)**

38. In answering paragraphs 119 through 126, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

39. Defendants deny the allegations in paragraphs 119 through 126 of Plaintiffs' SAC pertaining to the Police Defendants; Defendants neither admit nor deny the allegations in paragraphs 119 through 126 of Plaintiffs' SAC relating to Plaintiff LaBella and Defendant Christina Akeson.

## SEVENTH CLAIM

## CONVERSION OF PERSONAL PROPERTY

**(By Plaintiff Talada Against Police Defendants and Does 1-100)**

40. In answering paragraphs 127 through 133, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

41. Defendants deny the allegations in paragraphs 127 through 133 of Plaintiffs' SAC.

## EIGHTH CLAIM

## TRESPASS

**(By Plaintiff Talada Against All Defendants Except Guardsmark)**

42. In answering paragraphs 134 through 145, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

43. Defendants deny the allegations in paragraphs 134 through 145 of Plaintiffs' SAC; Defendants neither admit nor deny the allegations in paragraphs 134 through 145 of Plaintiffs' SAC relating to Defendant Christina Akeson.

///

///

///

///

### NINTH CLAIM

### INVASION OF PRIVACY: INTRUSION UPON SECLUSION, PUBLIC DISCLOSURE OF PRIVATE FACTS, AND FALSE LIGHT

### (By Plaintiff Talada Against All Defendants Except Guardsmark; By Plaintiff LaBella Against Christina Akeson and Does 1-100)

44.     In answering paragraphs 146 through 151, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

45.     Defendants deny the allegations in paragraphs 146 through 151 of Plaintiffs' SAC; Defendants neither admit nor deny the allegations in paragraphs 146 through 151 of Plaintiffs' SAC relating to Plaintiff LaBella and Defendant Christina Akeson.

### TENTH CLAIM

### VIOLATION OF CIVIL RIGHTS, CALIFORNIA CIVIL CODE § 52.1

### (By Plaintiff Talada Against All Defendants Except Guardsmark; By Plaintiff LaBella Against Christina Akeson and Does 1-100)

46.     In answering paragraphs 152 through 158, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

47.     Defendants deny the allegations in paragraphs 152 through 158 of Plaintiffs' SAC; Defendants neither admit nor deny the allegations in paragraphs 152 through 158 of Plaintiffs' SAC relating to Plaintiff LaBella and Defendant Christina Akeson

### ELEVENTH CLAIM

### VIOLATION OF CIVIL RIGHTS PROTECTED UNDER FEDERAL LAW (42 U.S.C. §§ 1983 and 1988) AND UNDER THE CONSTITUTION OF THE STATE OF CALIFORNIA

### (By Plaintiff Talada Against Police Defendants and Does 1-100)

48.     In answering paragraphs 159 through 169, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

49.     Defendants deny the allegations in paragraphs 159 through 169 of Plaintiffs' SAC.

///

///

## TWELFTH CLAIM

## DEFAMATION OF CHARACTER

### (By Plaintiff Talada Against All Defendants Except Guardsmark; By Plaintiff LaBella Against Christina Akeson and Does 1-100)

50. In answering paragraphs 170 through 182, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

51. Defendants deny the allegations in paragraphs 170 through 182 of Plaintiffs' SAC; Defendants neither admit nor deny the allegations in paragraphs 170 through 182 of Plaintiffs' SAC relating to Plaintiff LaBella and Defendant Christina Akeson.

## RESPONDEAT SUPERIOR

52. These answering Defendants neither admit nor deny the allegations in paragraphs 183 through 188 as they are legal matters not proper for admission or denial.

## DAMAGES

53. In answering paragraph 189, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

54. These answering Defendants deny the allegations for damages in paragraph 189 of Plaintiffs' SAC.

## PRAYER

55. In answering paragraphs 190 through 200, Defendants incorporate by reference their responses to paragraphs 1 through 66 of Plaintiffs' SAC.

56. These answering Defendants deny the allegations and claims for relief in paragraphs 190 through 200 of the "Prayer" section of Plaintiffs' SAC.

## DEMAND FOR JURY TRIAL

57. These answering Defendants hereby demand a jury trial in this matter.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said SAC fails to state facts sufficient to constitute a claim against these answering Defendants.

2.      AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's SAC herein.

3.      AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the SAC herein, the Plaintiff failed to mitigate the amount of his damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on his part or by one acting under similar circumstances. The Plaintiff's failure to mitigate is a bar to his recovery under the SAC.

4.      AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in their SAC herein was the sole proximate cause of the happening of the accident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the SAC herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff's requires that any damages awarded Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiff.

5.      AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the negligence and fault of others than these answering Defendants or on the part of any person or entity for whose acts or omissions these answering Defendants are legally or otherwise responsible.

6.      AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a claim in that each of the claims as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

ANSWER TO SECOND AMENDED                    10
COMPLAINT - Case No. C08-02771 WHA

7.  AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

8.  AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's unclean hands preclude any recovery by Plaintiff.

9.  AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiff by virtue of his own conduct and omissions has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times mentioned in the SAC herein, they were not the agent, servant, or employee of any of the remaining Defendants and did not do any of the things alleged by Plaintiff within the scope and course of any such agency, servitude, or employment.

11. AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the City of Martinez and the City of Martinez Police Department are not liable for exemplary or punitive damages pursuant to California Government Code Section 818.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendant peace officers were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are therefore immune under the "good faith immunity" doctrine and/or qualified immunity doctrine.

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants' and Defendants' employees were presented with and had in their possession sufficient facts to constitute probable cause for the arrest of Plaintiff.

17. AS AND FOR AN SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used to effect the arrest of Plaintiff.

18. AS AND FOR AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff was arrested per a valid arrest warrant.

19. AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's property was searched per a valid search warrant.

20. AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the absolute privilege of Civil Code § 47(b).

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiffs take nothing by way of their Second Amended Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

| | | |
|---|---|---|
| 1 | Dated: April 20, 2009 | MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | James V. Fitzgerald, III<br>Noah G. Blechman |
| 5 | | Attorneys for Defendant<br>CITY OF MARTINEZ, MARTINEZ POLICE DEPARTMENT, CHIEF DAVE CUTAIA, SERGEANT GARY PETERSON, COMMANDER MARK SMITH |

ANSWER TO SECOND AMENDED COMPLAINT - Case No. C08-02771 WHA          13