IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES L. TALADA, III AND MELODY LABELLA,

    Plaintiffs,

  v.

CITY OF MARTINEZ, *et al.*,

    Defendants.

                              /

No. C 08-02771 WHA

**ORDER DENYING DEFENDANT DAVID AKESON'S MOTION FOR SANCTIONS**

      An order dated February 12, 2009, granted David Akeson's motion to dismiss plaintiffs' claims against him. David Akeson now seeks monetary sanctions from plaintiff James Talada, plaintiff Melody LaBella and their attorneys, including Ali Ebrahimzadeh, John F. Henning, Jr. and John F. Henning, III. The motion for sanctions is **DENIED**.

      Under Rule 11, a motion for sanctions may not be filed until 21 days after it is served. This did not occur here. David Akeson, therefore, failed to properly tee up the motion under Rule 11, so he must rely on the Court's inherent authority or 28 U.S.C. 1927 to seek sanctions. Both require evidence of bad faith. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991); *In re Keegan Management Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

      There is insufficient proof of bad faith to award sanctions at this time. Although the evidence against David Akeson is exceedingly thin, he is married to defendant Cristina Akeson against whom the case is going forward. It has not been shown to have been bad faith to join him based on the supposition that he was somehow involved in the alleged wrongdoing of his

wife. Also, the same counsel has represented both Akesons so the same basic work would have been done anyway. Moreover, the one-hour deposition of David Akeson has revealed that he threw away the hard drive that was allegedly used to send the offending correspondence. Perhaps this was innocent but the evidentiary gap leaves it less than crystal clear that the computer was not involved. It is unnecessary at this time to review *in camera* the new materials referenced by Attorney Ebrahimzadeh at oral argument (but those materials must be preserved). It is also unnecessary to reach the multitude of other questions posed by the papers.

If it ultimately turns out that there is no evidence against Ms. Akeson, then the Court would be willing to entertain a new sanctions motion as to both Akesons. Accordingly, for now, David Akeson's motion for sanctions is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 9, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE