United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES TALADA, III, and MELODY LABELLA, | No. C 08-02771 WHA |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION TO REMAND** |
| CITY OF MARTINEZ, et al., | |
| Defendants. | |

## INTRODUCTION

This order denies plaintiffs' *ex parte* application to remand this action to state court for the following reasons.

## STATEMENT

Plaintiff James Talada commenced this action in Contra Costa Superior Court on March 11, 2008. It arises from the arrest and subsequent release of Talada, a man incorrectly identified as the infamous NorCal rapist by an anonymous police informant whom plaintiffs allege was defendant Cristina Akeson. Defendants removed the action on June 4, 2008, claiming federal-question jurisdiction under 28 U.S.C. 1441(b).

Last year, plaintiff Talada amended his complaint to add plaintiff Melody LaBella. LaBella alleged that defendant Akeson sent anonymous letters to her and her coworker. In sum, the first amended complaint alleged 25 claims against 39 named defendants and 100 unnamed Does. Of the 39 named defendants, 36 were dismissed from this action pursuant to stipulations

between the parties. The claims asserted against defendant David Akeson, Cristina Akeson's husband, were dismissed in a February 2009 order. That order also dismissed several claims, and plaintiffs subsequently filed a second amended complaint.

Prior to summary judgment, the only remaining defendants included Gary Peterson, the officer who obtained warrants to search and arrest plaintiff Talada, and Cristina Akeson, who allegedly wrote the anonymous letters. The parties stipulated to dismiss several claims previously asserted against Peterson and Akeson. A September 2009 order granted defendant Peterson's motion for summary judgment as to all of plaintiff Talada's claims against him, namely claims under 42 U.S.C. 1983 and 1988, the California Constitution, and false arrest/imprisonment and conversion. That order also granted summary judgment in favor of Akeson on Talada's false arrest/imprisonment claim. All that remains are LaBella's state-law claims against Akeson for intentional infliction of severe emotional distress, defamation, and violation of her civil rights under California Civil Code § 52.1.

A pre-trial conference was set for October 5, 2009, and trial is scheduled for October 26, 2009. Less than a week before the pre-trial conference, plaintiffs filed an *ex parte* application seeking to have this action remanded to state court. Defendant Akeson opposes.

**ANALYSIS**

**1.    PROCEDURAL DEFECT.**

Civil Local Rule 7-10 provides "[u]nless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances . . . . The motion must include a citation to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." Plaintiffs have not complied with this rule. The *ex parte* application cites no authority to support it being filed in the circumstances here. Because defendant has had the opportunity to file an opposition, this order, nonetheless, will address the merits of the *ex parte* application.

**2.     SUPPLEMENTAL JURISDICTION.**

Removal under 28 U.S.C. 1441(b) is permitted for actions involving a federal question over which the district court would have had original jurisdiction pursuant to 28 U.S.C. 1331. There is no dispute that the action was properly removed to this Court.

On summary judgment, all federal claims were dismissed. Only state-law claims remain. Plaintiffs contend that because there are no longer any federal claims this action should be remanded. A district court may decline to exercise supplemental jurisdiction over a state-law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). "When federal claims are dismissed before trial, the question whether pendent state claims should still be entertained is within the discretion of the district court." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). The factors a court should weigh in its exercise of discretion are economy, convenience, fairness, and comity. *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995).

Where a federal claim conferring jurisdiction is dismissed at an early stage in the proceeding, issues of judicial economy do not favor retention of the remaining, supplemental claims. This is not the situation here. This case was removed over a year ago. Thus, it cannot be said that we are in the *early* stages. The Court has spent a lot of time and resources on the merits of the underlying litigation, including resolving multiple motions to dismiss and motions for summary judgment. In addition, discovery has concluded. Trial is only three weeks away. Motions *in limine* have been filed and ruled on.

The problem here is that dismissal of the federal claims has come late in litigation (only a few weeks before trial). A legitimate concern exists whether plaintiffs' counsel is merely trying to escape the pendency of an imminent trial. Usually, plaintiffs appreciate the certainty of an imminent trial. But in this case, there is reason to believe plaintiffs' counsel is using the motion to remand as a delay tactic.

As to convenience, it would be just as easy to try this case in state court as in federal court, both being local. As for fairness, state court will provide just as fair a proceeding as federal court. A remand to state court, however, might open the door to a new round of

1  discovery. And a delay in concluding this litigation when we are only three weeks from trial
2  would be unfair to defendant Akeson. Defense counsel represents that defendant has incurred at
3  least $15,000 in just the last month preparing for trial. On comity, the entire case now turns on
4  state-law issues with which state court judges will be more familiar. But no particularly novel
5  issues of state law are truly present here. The balance tips in favor of denying remand.

## CONCLUSION

For the reasons stated above, plaintiffs' *ex parte* application to remand is **DENIED**. As scheduled, this action will proceed with the trial beginning on October 26, 2009.

**IT IS SO ORDERED.**

Dated: October 6, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4